UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THERESA L.,

Plaintiff,

v.

FRANK BISIGNANO,[1] Commissioner of Social Security,

Defendant.

---

**DECISION and ORDER**

**25-CV-84-LGF**
(**consent**)

APPEARANCES:

HILLER COMERFORD INJURY & DISABILITY LAW
Attorneys for Plaintiff
IDA M. COMERFORD, and
MELISSA MARIE KUBIAK, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

MICHAEL DiGIACOMO
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
and
CHRISTOPHER NELSON HURD
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 3, 2026, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned in accordance with this court's June 29, 2018 Standing Order (Dkt. 8). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 28, 2025 (Dkt. 5), and by Defendant on May 28, 2025 (Dkt. 6).

## BACKGROUND

Plaintiff Theresa L. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application ("application") filed with the Social Security Administration ("SSA") on November 23, 2021, for Social Security Disability Insurance Benefits under Title II of the Act ("DIB" or "disability benefits"). AR[2] at 232-33. Plaintiff initially alleged she became disabled on May 14, 2018, AR at 251, based on a left shoulder injury sustained at work, status post left shoulder surgery, inability to lift more than three pounds, status post back surgery, back injury sustained at work, chronic pain, pain rendering Plaintiff unable to sit, stand, or walk for long periods of time, status post neck surgery, severe headaches and dizziness, and chronic pain especially while sleeping. AR at 225. Plaintiff's application initially was denied on July 28, 2022, AR at 147-58, and upon reconsideration on January 5, 2023. AR at 160-71.

[2] References to "AR" are to the Bates-stamped pages of the Administrative Record electronically filed by Defendant on March 28, 2025 (Dkt. 3).

Plaintiff timely filed a request for an administrative hearing ("hearing"), AR at 172-73, which was granted with the hearing held via teleconference on October 23, 2023, before Administrative Law Judge ("ALJ") Anthony Dziepak ("the ALJ"), in Lawrence, Massachusetts. AR at 36-77. Appearing and testifying at the hearing by telephone were Plaintiff, represented by Ida M. Comerford, Esq., with Kayla Bowden, Esq. appearing at the hearing, and impartial vocational expert ("VE") Pamela Nelligan also appearing and testifying by telephone. At the hearing, the Plaintiff's alleged disability onset date ("DOD") was amended to April 4, 2020 because there is evidence in the record of a previous final administrative decision dated April 3, 2020, finding Plaintiff capable of light work ("the prior administrative decision"), which cannot be disturbed by a subsequent administrative decision. AR at 39-40. On March 29, 2024, the ALJ issued a decision denying Plaintiff's claims, AR at 14-35 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 226-28. On December 4, 2024, the Appeals Council denied Plaintiff's request to review the ALJ's Decision, rendering it the Commissioner's final decision. AR at 1-6. On January 27, 2025, Plaintiff commenced this action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On April 28, 2025, Plaintiff moved for judgment on the pleadings (Dkt. 5) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 5-1) ("Plaintiff's Memorandum"). On May 28, 2025, Defendant moved for judgment on the pleadings (Dkt. 6) ("Defendant's Motion"), attaching the Commissioner's Memorandum in Support of His Motion for Judgment on the Pleadings and in Response to Plaintiff's Memorandum Pursuant to Local Rule 5.5 on Social Security Cases (Dkt. 6-1) ("Defendant's Memorandum"). Filed on June 11,

2025, was Plaintiff's Reply to Memorandum in Support (Dkt. 7) ("Plaintiff's Reply"), in which Plaintiff advises that upon review of Defendant's Memorandum, Plaintiff deems no reply is necessary and relies on the original arguments and authority set forth in Plaintiff's Memorandum. Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Theresa L. ("Plaintiff"), born December 15, 1982, was 37 years old as of her amended alleged disability onset date ("DOD") of April 4, 2020, and 41 years old as of April 3, 2024, the date of the ALJ's Decision. AR at 31, 232. Plaintiff lives in a house with her parents, AR at 279, 899, and has three children none of whom live with Plaintiff with the oldest two having been adopted, and the youngest, a thirteen-year old daughter, living with Plaintiff's brother two hours away. AR at 71, 899. Plaintiff was in special education classes in school and received a GED in June 2002, but has not completed any specialized job training, trade, or vocational school. AR at 256. Plaintiff has no problems with personal care. *Id*. at 280. Plaintiff's daily activities include preparing quick meals, and laundry with assistance lifting baskets and detergent. *Id*. at 281. Plaintiff does not have a driver's license, but shops for food and household items two to three times a month. *Id*. at 282. Plaintiff's hobbies include walking and doing

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings. Accordingly, because Plaintiff does not challenge the ALJ's Decision with regard to Plaintiff's alleged mental impairments, no facts regarding such impairments are included nor discussed.

puzzles, AR at 283, but Plaintiff engages in little socialization. *Id*. at 283. Plaintiff's past relevant work ("PRW") includes as a packager in a warehouse, a cashier for a fast-food restaurant, and in a food processing plant making meatballs. *Id*. at 264-68.

It is undisputed that Plaintiff injured her back, neck, and left shoulder while lifting a heavy object at her food processing plant job on May 13, 2018. AR at 350, 492, 903. When physical therapy and conservative treatment did not offer improvement, Plaintiff ultimately underwent an anterior cervical discectomy and fusion on June 14, 2019, and an anterior lumbar fusion at L5-S1 on October 15, 2019, by orthopedic surgeon Zair Fishkin, M.D., Ph.D. ("Dr. Fishkin") of Pinnacle Orthopedic & Spine Specialists ("Pinnacle"). AR at 399, 402-05, 615-21. On May 3, 2021, Plaintiff underwent left shoulder arthroscopic partial articular supraspinatus tendon avulsion ("PASTA") rotator cuff repair (debridement of damaged tendon tissue in the shoulder), performed by orthopedic surgeon A. Marc Tetro, M.D. ("Dr. Tetro") of Pinnacle. AR at 890.

In July 2023, Plaintiff, on her own initiative, applied for and was hired for a housekeeping job in a hotel which requires Plaintiff to make beds which Plaintiff asserts has aggravated her right arm pain. AR at 40-46. The ALJ observed that Plaintiff was asking that her housekeeping job, for which Plaintiff was paid wages in excess of what is considered substantial gainful activity ("SGA"), be considered as a "trial work period." AR at 41-43, 46-47.

On June 2, 2021, Plaintiff established primary care with Evergreen Health Services, Inc. ("Evergreen") in Buffalo, New York where she was treated by Linda Berkoh-Asamoah, FNP ("FNP Berkoh-Asamoah"). AR at 483-86, 927-36, 962-89.

In connection with a Workers' Compensation claim filed by Plaintiff related to her work injury at the food processing plant, Plaintiff underwent numerous medical examinations by treating orthopedic surgeon Dr. Tetro, independent orthopedic surgeon Steven Hausmann, M.D. ("Dr. Hausmann"), and independent orthopedic specialist James McGlowan, M.D. ("Dr. McGlowan") for which medical opinions were rendered regarding Plaintiff's physical impairments and associated limitations. In particular, on February 26, 2020, Dr. Hausmann examined Plaintiff who then complained of lower back pain radiating to Plaintiff's left leg, and neck pain radiating to her left arm. AR at 492. Upon examination, Plaintiff had decreased range of motion of her cervical and lumbar spines, straight leg raising test was negative, and because there was no evidence of injury to Plaintiff's left arm or shoulder or left leg, Dr. Hausmann attributed Plaintiff's radiating pain to her left upper and lower extremities to Plaintiff's neck and back impairments. *Id*. at 493-94. Plaintiff was wearing a lumbar corset brace and used a cane to ambulate. *Id*. at 494. Dr. Hausmann diagnosed Plaintiff with status post anterior cervical decompression and fusion, and status post anterior lumber fusion L5-S1 for spondylolisthesis and back pain, and assessed Plaintiff with significant physical limitations including inability to stand or walk for more than 10-15 minutes at one time, or for more than a total of two hours over the course of a day, inability to stoop or lift anything from floor level, and inability to go outdoors, but able to do light housework. *Id*. at 494. Dr. Hausmann assessed Plaintiff with "a marked, bordering on total, disability with restrictions of no lifting over 5 lbs. and no pushing or pulling over 5 lbs.," which Dr. Hausmann attributed to Plaintiff's neck and back impairments. *Id*.

Dr. McGlowan performed independent orthopedic examinations and rendered opinions in connection with Plaintiff's Workers' Compensation claim on August 27, 2020, AR at 516-22, February 25, 2021, *id*. at 496-500, August 5, 2021, *id*. at 506-10, and May 26, 2022, *id*. at 917-24. At each of his examinations of Plaintiff, Dr. McGlowan assessed Plaintiff with a temporary partial moderate-to-marked disability and the ability to lift five to ten lbs. with her left arm and shoulder. AR at 499, 521, 509, 921. At the February 25, 2021 examination, Dr. McGlowan found Plaintif with a 40% loss of use of her left arm and left shoulder, *id*. at 499, and at the May 26, 2022 examination, Dr. McGlowan assessed Plaintiff with 50% loss of use of her left shoulder, and an inability to perform prolonged overhead activity or use of her left upper extremity. *Id*. at 921.

Dr. Tetro, who performed Plaintiff's shoulder surgery on May 3, 2021, examined Plaintiff in connection with her Workers' Compensation claim on January 5, 2021, AR at 559-63, September 21, 2021, *id*. at 712-16, November 16, 2021, *id*. at 834-37, April 28, 2022, *id*. at 1020-23, and June 30, 2022, *id*. at 1041-44. At each of these examinations, Dr. Tetro found Plaintiff restricted to light duty work with additional limitations pertaining to Plaintiff's left upper extremity. In particular, on January 5, 2021, Dr. Tetro assessed no repetitive overhead reaching or overhead activity, and no lifting more than five lbs. with the left upper extremity. AR at 562. On September 21, 2021, Dr. Tetro assessed no overhead reaching or lifting, no repetitive or forceful pushing or pulling, no lifting more than five lbs. with lifting limited to waist height or below. *Id*. at 715. On November 16, 2021, April 28, 2022, and June 30, 2022, Dr. Tetro assessed no repetitive overhead reaching or lifting, no repetitive or forceful pushing or pulling, and lifting should be kept to waist height or below. AR. At 837, 1023, 1044. At a Final Determination of Disability

Evaluation completed on October 31, 2022, in connection with Plaintiff's Workers' Compensation claim, AR at 1014-19, Dr. Tetro opined that Plaintiff had reached maximum medical improvement in relation to her left shoulder for which Dr. Tetro assessed a permanent range of motion deficit of 38.5%. AR at 1017.

In connection with her disability benefits application, on May 3, 2022, Plaintiff underwent an internal medicine examination by consultative physician John Schwab, D.O. ("Dr. Schwab"). AR at 903-06. The examination's finding were within normal limits, *id*. at 903-05, and Dr. Schwab diagnosed Plaintiff with morbid obesity, status post-surgery on the cervical spine, and status post-surgery on the left shoulder for rotator cuff tear with a "good" prognosis. *Id*. at 905. Dr. Schwab assessed Plaintiff with no restrictions based on the examination's findings. *Id*.

On May 17, 2022, State agency review physician D. Brauer, M.D. ("Dr. Brauer"), reviewed Plaintiff's medical records and found Plaintiff with exertional limitations including that Plaintiff can lift and carry 20 lbs. occasionally and 10 lbs. frequently, stand and/or walk for six hours in an 8-hour day, sit for six hours in an 8-hour day, Plaintiff has a limited ability to occasionally push or pull with the left upper extremity, she can frequently climb ramps, and stairs, occasionally climb ladders, ropes, and scaffolds, frequently stoop, unlimited ability to balance, kneel, crouch, and crawl, and is limited to reaching in all directions with the left upper extremity. AR at 110-13. Dr. Brauer opined Plaintiff is limited to light, but not unskilled work, and is not disabled. AR at 115-16. On December 28, 2022, State agency review physician J. Koenig, M.D. ("Dr. Koenig"), in connection with a reconsideration of the initial denial of Plaintiff's application, reviewed

Plaintiff's medical records and affirmed Dr. Brauer's finding that Plaintiff is not disabled. AR at 134-39.

**DISCUSSION**

**1. Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

**2. Disability Determination**

The definition of "disabled" is the same for purposes of receiving Disability Insurance Benefits ("DIB") under Title II of the Act as for SSI benefits under Title XVI of the Act. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's residual functional capacity ("RFC") which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found that Plaintiff meets the insured status requirements for DIB through September 30, 2022, AR at 19, did not engage in substantial gainful activity ("SGA") from her amended alleged disability onset date ("DOD") of April 4, 2020 through her date last insured of September 30, 2022. *Id*. The ALJ found that Plaintiff worked after the alleged DOD, but that such work did not rise to the level of SGA, and that Plaintiff testified that if she were awarded disability benefits, the work should be considered a trial work period. *Id*. at 20.

The ALJ found Plaintiff suffers from the severe impairments of lumbar spine disorder status post-surgery, cervical spine disorder status post-surgery, and left shoulder injury, AR at 20, but that other medically determinable impairments including obesity, cannabis use disorder, status post COVID-19 infection, and medically determinable mental impairments of depression bi-polar disorder, and trauma/stress disorder, do not significantly limit Plaintiff's physical or mental ability to do basic work activities and thus are not severe. *Id*. at 20-22. The ALJ further found that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 22-23. Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[5] with additional limitations including that

---

[5] Relevantly, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Plaintiff can lift and carry 10 lbs. occasionally, stand and/or walk for six hours in an 8-hour workday, sit for six hours in an 8-hour workday, requires an hourly positional change allowance (2-3 minutes intermittently throughout a 60-minute interval), can never push/pull with her non-dominant left upper extremity, can frequently reach in all directions with her left upper extremity, can never climb ladders, ropes, and scaffolds, can never crawl, can occasionally climb stairs and ramps, can occasionally stoop, kneel, crouch, and balance on uneven surfaces, and can never work around unprotected heights or moving machinery. *Id*. at 23-28. The ALJ explained that the prior administrative decision issued on April 3, 2020, was not appealed and thus a final decision establishing Plaintiff had the capacity for light work, for which subsequent evidence did not support material changes. *Id*. at 25. The ALJ further found Plaintiff was unable to perform her past relevant work ("PRW") as a fast-food restaurant cashier, AR at 28, but that Plaintiff, based on her age, work experience, high school education, and RFC, with the transferability of skills not relevant because Plaintiff's PRW was unskilled work, could perform jobs existing in significant numbers in the national economy including as a parking attendant, host/hostess, price marker, document preparer, assembler, and inspector. AR at 29-30. Accordingly, the ALJ found Plaintiff was not disabled as defined in the Act since Plaintiff's amended alleged DOD of April 4, 2020, through September 30, 2022, the date last insured. *Id*. at 30.

**3. Analysis**

In support of her motion, Plaintiff argues the ALJ failed to properly evaluate the opinion evidence by rejecting limitations that were consistently included in several opinions without acknowledging the consistencies, Plaintiff's Memorandum at 12-16,

and further erred by formulating an RFC that includes a "highly specific sit/stand limitation" option that is not "tethered," *i.e.*, supported by, any evidence in the medical record. *Id*. at 16-19. In opposition, Defendant argues the ALJ found other evidence in the record more persuasive than those on which Plaintiff relies, Defendant's Memorandum at 7-8, and the ALJ was not required to "tether" the sit/stand limitation to any evidence in the record. *Id*. at 9-11. There is no merit to Plaintiff's arguments.

**A. Evaluation of Opinion Evidence**

Plaintiff argues that although the record includes several medical opinions from Plaintiff's treatment providers and independent medical examiners rendered in connection with Plaintiff's Workers' Compensation claim, all of which include significant limitations for lifting and pulling/pushing that the ALJ incorporated into the RFC formulation, the ALJ erroneously failed to include other significant limitations for reaching which both Dr. McGlowan and Dr. Tetro found. Plaintiff's Memorandum at 12-16. In opposition, Defendant argues Plaintiff's argument is a "red herring" because the fact that both Dr. McGlowan and Dr. Tetro opined Plaintiff was significantly limited in her ability to reach with her left upper extremity is irrelevant to the ALJ's determination that such opinions were not supported by other substantial evidence in the record. Defendant's Memorandum at 7-8. Plaintiff's argument is without merit.

Initially, the ALJ is not bound by any decision or opinions rendered in connection with Plaintiff's Workers' Compensation claim. *See Jenkins v. Comm'r of Soc. Sec.*, 2019 WL 483838, at *4 (W.D.N.Y. Feb. 7, 2019) (finding the ALJ's discounting of medical opinions rendered by physicians in connection with a social security disability benefits claimant's Workers' Compensation claim was proper "because workers' compensation

claims are governed by different standards than Social Security disability claims; therefore, an opinion rendered for workers' compensation purposes is not binding on the ALJ." (citing *Cobbins v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 126, 135 (N.D.N.Y. 2012) (noting that the ALJ properly discounted a treating physician's opinion that was rendered in the context of the plaintiff's workers' compensation benefits claim because such claims "are governed by different standards than claims for Social Security benefits") (citing *Rosado v. Shalala*, 868 F. Supp. 471, 473 (E.D.N.Y. 1994)))). Further, the ALJ did not blindly discount the opinions of Drs. Tetro and McGlowan; rather, the ALJ supported his decision with reference to other opinions and evidence in the record.[6]

In particular, the ALJ relied on Dr. Schwab's May 3, 2022 consultative examination that found Plaintiff with full range of motion of all joints including Plaintiff's entire spine, as well as both upper and lower extremities bilaterally, and no joint deformity, subluxations (spinal misalignment), contractures (shortening of muscles, tendons, or connective tissues in the back causing pain, stiffness, and limited range of motion), or ankylosis (abnormal adhesions or rigidity of joint), no joint heat, redness, swelling, or effusion, and joints were stable and nontender. AR at 25 (citing AR at 904-05). The ALJ observed that his RFC formulation regarding Plaintiff's left upper extremity impairment, *i.e.*, that Plaintiff can never push or pull with her left upper extremity and Plaintiff's ability to reach in all directions with her upper left extremity is limited to frequently, as opposed to unlimited, AR at 23, is consistent with the opinion rendered by State agency review physician Dr. Brauer which was affirmed by State agency review

---

[6] Because Dr. Hausmann's opinion was rendered during the prior administrative decision adjudication period, the ALJ did not consider it. AR at 27.

physician Dr. Koenig. AR at 26 (citing AR at 113 and 136). Significantly, consultative examiners and State agency medical consultants are deemed to be highly qualified physicians who are experts in Social Security disability evaluations and an ALJ is entitled to rely upon their opinions, which can also serve as substantial evidence. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence); *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011) (citing 20 C.F.R. §§ 404.1513a and 416.913a), *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), and *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)). Further, at Plaintiff's annual examination on August 11, 2022, AR at 927 – 932, FNP Berkoh-Asamoah reported Plaintiff walks with a normal gait, no tenderness of the spine, upper extremities were normal to inspection with strength 4/5 on the left and 5/5 on the right, range of motion within normal limits, and lower extremities were normal to inspection, with strength 5/5 bilaterally, and range of motion within normal limits. AR at 25 (citing AR at 930). Plaintiff's neck was normal to inspection. *Id*. (citing AR at 930). Plaintiff's medications included Tramadol (prescription pain reliever) for left shoulder and low back pain as needed. *Id*. (citing AR at 931).

In light of the evidence referenced by the ALJ, it cannot be said that, based on the administrative record, a "reasonable factfinder" would have to conclude that Plaintiff is more limited with regard to the use of her left upper extremity than the ALJ accounted for in the RFC formulation. *Brault*, 683 F.3d at 448. Because the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence in the record, the ALJ did not err by failing to include any further limitations to Plaintiff's use of her left upper extremity as found by Drs. Tetro and McGlowan.

**B. Sit/Stand Limitation**

In formulating Plaintiff's RFC, the ALJ included that Plaintiff "requires an hourly positional change allowance (2-3 minutes intermittently throughout a 60-minute interval)" ("sit/stand limitation"). AR at 23. Plaintiff argues that the ALJ erred by failing to tether the sit/stand limitation to any evidence in the administrative record, requiring remand. Plaintiff's Memorandum at 16-19. Defendant argues that not only is the sit/stand limitation supported by Plaintiff's own testimony at the administrative hearing that she could not sit for long periods of time without periodically standing or walking, Defendant's Memorandum at 9 (referencing AR at 49), but including the sit/stand limitation resulted in a more restrictive RFC formulation, so that even if erroneous, such error is harmless. *Id*. at 9-11.

The ALJ is responsible for formulating a plaintiff's RFC. *See* 20 C.F.R. §§ 404.1546(c) ("if your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."). As such, "the ALJ's RFC conclusion need not perfectly match any single opinion in the record, so long as it is supported by substantial evidence," *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)), and "the ALJ is 'entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.'" *Id*. (quoting (quoting *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013)). In the instant case, the ALJ's determination that Plaintiff required the sit/stand limitation included in the RFC formulation is, as Defendant argues, Defendant's

Memorandum at 9, supported by Plaintiff's hearing testimony that after prolonged sitting, Plaintiff's "lower bottom gets numb," her "right leg is so numb" that Plaintiff "can't feel anything," and "it pinches when I sit so that's why I start standing and I start walking . . . ." Further, because the ALJ formulated a physical RFC that included additional restrictions resulting in limiting Plaintiff to working fewer jobs than supported by a medical opinion, such determination, if incorrect, is merely harmless error. *Tia K. v. Bisignano*, 2025 WL 2699124, at *6 (W.D.N.Y. Sept. 23, 2025) (citing *Ellen A. v. Saul*, 2021 WL 1087949, at * 4 (W.D.N.Y. Mar. 22, 2021) (ALJ's determination that Plaintiff's RFC was more restrictive than what was supported by the medical evidence in the record was favorable to the plaintiff and thus was harmless error)). *See also Ramsey v. Comm'r of Soc. Sec.*, 830 Fed.Appx. 37, 39 (2d Cir. 2020) (holding the ALJ did not err by "occasionally deviat[ing] from [the] consultative examiners' recommendations to *decrease* [the plaintiff's] RFC based on other evidence in the record . . . ." (italics in original). Accordingly, the ALJ's inclusion in the RFC of the sit/stand limitation, even if erroneous, does not require remand.

**C. Trial Work Period**

As stated, Facts, *supra*, at 5, at the administrative hearing Plaintiff disclosed that in July 2023, three years after the June 2020 surgery on her lower back, neck, and shoulder,[7] Plaintiff obtained, on her own initiative, a housekeeping job in a hotel. AR at 40-46. Plaintiff described the housekeeping job, which Plaintiff worked for eight hours a day, five to six days a week, as including such tasks as vacuuming and mopping rooms,

---

[7] Plaintiff testified at the administrative hearing that she underwent surgery for her lower back, neck, and left shoulder on the same day in June 2020, AR at 44, but the administrative record establishes these were three separate surgeries.

pushing and pulling linen carts, and lifting bed mattresses to change the bedding which was aggravating her arm pain. AR at 41, 50, 69. Plaintiff testified that Drs. Fishkin and Tetro told her to take Tylenol and Ibuprofen for pain. AR at 57. Plaintiff clarified that the housekeeping job, for which Plaintiff was paid wages in excess of SGA, should be considered as a "trial work period." AR at 41-43, 46-47. In response to the ALJ's question whether, prior to Plaintiff's June 2020 surgery, despite her impairments, Plainitff could have performed a job requiring little physical exertion such as "sitting at a workstation working with simple things right in front of you . . . ," AR at 49, Plaintiff responded she would be able to perform such work except that after sitting for a prolonged period her "lower bottom gets numb," as well as her right leg requiring Plaintiff to stand and walk. AR at 49.

In the ALJ's Decision, the ALJ determined that, based on three weeks of paystubs Plaintiff submitted for the housekeeping job, Plaintiff was working 31 to 33 hours per week at an hourly wage of $ 15. AR at 20. Although such income exceeded the minimum for SGA, the ALJ explained that the income was not disqualifying if the work was considered as a trial work period. *Id*. Nevertheless, the ALJ further commented that Plaintiff's demonstrated the "ability to engage in light exertional work activity at part time level is evidence of functional capacity," which, "[g]iven Plaintiff's younger age, is not a favorable factor in assessing total work preclusion . . . [and] is relevant evidence for consideration determining the residual functional capacity." *Id*.

Although not full-time work, Plaintiff's housekeeping job contradicts her disability claim "because any work that a claimant does during a period of alleged disability may show that [s]he can perform substantial gainful activity and is not disabled." *Hart v.*

*Comm'r of Soc. Sec.*, 2019 WL 4543126, at *8 (W.D.N.Y. Sept. 19, 2019) (citing 20 C.F.R. §§ 404.1571, 416.971 ("[t]he work ... that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level . . . . Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did")). "[T]he substantial gainful activity must be performed during the alleged disability period to defeat any potential claim for disability." *Meyers v. Astrue*, 681 F.Supp.2d 388, 399 (W.D.N.Y. 2010) (citing *Melville v. Apfel,* 198 F.3d 45, 52 (2nd Cir.1999) (discussing that work done during the alleged period of disability may show claimant is able to do work at the SGA level)). Additionally, nothing in the record supports Plaintiff's assertion that the housekeeping job was done on a trial basis. Plaintiff's employment at the housekeeping job is further substantial evidence supporting the ALJ's Decision that Plaintiff is not disabled.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 5) is DENIED; Defendant's Motion (Dkt. 6) is GRANTED. The Clerk of Court is directed to CLOSE the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 21, 2026
Buffalo, New York